COQUET *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The express enactment relative to frauds committed within the time limited, does not exclude proof of prior acts committed by the insolvent, showing him to be dishonest and unworthy of the benefits accorded by law to unfortunate debtors.

EASTERN DIS.
June, 1832.

Where a debtor claims the benefit of laws made for the relief of insolvent debtors, all his creditors should be considered as parties to the suit, and are, consequently, incompetent to testify.

In a contest between the creditors and insolvent, where the sale of a slave by the latter is alleged to be fraudulent, the vendee is a competent witness.

COQUET
vs.
HIS CREDI-
TORS.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

In this case, the plaintiff, being in custody of the sheriff on a *ca. sa.*, instituted proceedings to obtain the benefit of the act of the 25th of March, 1808, passed for the relief of insolvent debtors in actual custody, &c. In conformity with the requisitions of law, he annexed to his petition a schedule of his affairs, in which debts are exhibited to the amount of four thousand seven hundred dollars, and nothing whatever to pay them with. His release is opposed by the creditors above stated, who filed charges of fraud against him which were submitted for trial to a jury, whose verdict was in favor of the insolvent, and from a judgement thereon rendered, the opposing creditors appealed.

The charges of fraud have relation to the sale of two slaves made by the insolvent, and to a gig which was in his possession a short time before his arrest. The fraud alleged against the sale and transfer of one of the slaves to Mr. De Armas is abandoned by the counsel for the appellants, leaving only the facts which concern the other slave and the gig, to be examined.

As to this last property, the evidence does not show clearly that it ever belonged to the appellee; or if it did, that he made a fraudulent disposition of it.

The law of which the insolvent claims the benefit, purports to have been made for the relief of honest and unfortunate debtors, and provides expressly, by the seventeenth section, that no person shall have its benefit who in contemplation of taking such benefit, has, within three months previous to his arrest or imprisonment, disposed of his property in fraud of the rights of his creditors.

EASTERN DIS.
June, 1832.

COQUET
vs.
HIS CREDI-
TORS.

The express enactment relative to frauds committed within the time limited, does not exclude proof of prior acts committed by the insolvent showing him to be dishonest and unworthy of the benefits accorded by law to unfortunate debtors.

This express enactment relative to frauds committed within the time limited, does not exclude the investigation and proof of such acts as may have previously been done by a debtor, showing him to be dishonest, and consequently unworthy of the relief and benefits accorded by law only to honest and unfortunate debtors. See the case, *Heil* vs. *his Creditors*.

The statement of the insolvent in the present case, showing a large amount of debts, without one cent wherewith to pay them, and without the allegation or proof of any losses occasioned by persons failing to comply with their engagements towards him, or other occurrences which deteriorated his property, is certainly not calculated to impress his creditors with a firm belief in his honesty and fair dealing. Yet it is very possible that his failure may have resulted rather from imprudence than want of honesty in the disposal of his means.

The slave Maria, in relation to which the fraudulent conduct of the insolvent is alleged, was bought by him in July, 1829, and sold to a free man of color named Nash, in June, 1830, who is brother to the slave. This last act of sale is attacked as simulated, and having been made by the vendor to defraud his creditors. Latour appears to be a creditor by judgement rendered in February, 1831, on a note which became due in the month of November preceding. At what time the debt to Ferrand became due is not shown.

Two bills of exception to the competency of witnesses whose testimony was offered, are found on the record, which must be examined before proceeding further in the investigation of the cause. The first is to one of the creditors (as stated on the schedule), offered on the part of the debtor. The second, to Nash, the purchaser of the slave Maria, &c. The former was rejected by the court below, and the latter admitted to testify.

The general rules relating to the competency of witnesses established in our law, and such as they existed previously, are found in the *articles* 2260, 2261, *of the Louisiana Code.* The first of the articles declares that a person, in order to be a competent witness, "must not be interested, neither directly nor indirectly in the cause." The construction

which this rule has received by many decisions of our tribunals, has determined the interest which legally excludes a witness, to be a prospect of gaining some advantage or profit by the judgement of the cause in which he may be called on to testify, and which would be an immediate consequence of such judgement.

Parties to suits cannot be received as witnesses nor made such except by interrogations propounded as provided for by our laws. In cases like the present, where a debtor claims the benefit of laws made for the relief of insolvent persons, all his creditors may be considered as parties to the suit; and in any contest arising in relation to the relief claimed, none of them should be considered as competent to testify in the case. We are, therefore, of opinion, that the creditor in the present instance, was properly rejected by the court below.

The vendee of the slave, the sale of which is alleged to be fraudulent, is not a party to this suit, and his title under the sale will not be directly or indirectly affected by any judgement which may be rendered. Such judgement would be no bar to any action which might be instituted against him to annul the contract, as having been made in fraud of the creditors of the vendor. If this be true, he was properly admitted to testify, and the objections to his testimony affects his credibility rather than his competency.

The only witness who proves that the insolvent made the transfer of his slave Maria to defraud his creditors, is a woman named Annette Joubert, (whether colored or white does not appear) and she testifies only to extrajudicial confessions of the debtor (the weakest of all testimony admissible in courts of justice). Her testimony may have been discredited by the jury, and in this we cannot say that they erred. The fraud alleged in this case depends for its establishment entirely on matters of fact, of which the jury were competent judges.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Parish Court be affirmed, with costs.

*Canon,* for appellant. *Grymes,* for appellee.

**26**

---

*Margin notes:*

EASTERN DIS.
July 1832.

COQUET
vs.
HIS CREDTORS.

Where a debtor claims the benefit of laws made for the relief of insolvent debtors, all his creditors should be considered as parties to the suit, and are, consequently, incompetent to testify.

In a contest between the creditor and insolvent where the sale of a slave by the latter is alleged to be fraudulent, the vendee is a competent witness.