STATE OF LOUISIANA *vs.* JUDGE OF THE PARISH COURT.

ON AN APPLICATION FOR A MANDAMUS.

The imprisonment of the debtor at the instance of a creditor, on a charge of fraud, under the tenth and eleventh sections of the act of March 20, 1840, abolishing imprisonment for debt, is essentially a civil suit by creditors against their debtor, to prevent the abstraction of his property, and in which an appeal lies.

So, an appeal lies from an order or judgment, on a rule discharging a debtor from arrest and imprisonment, under the act abolishing imprisonment for debt.

This is an application for a *mandamus* to the judge of the Parish Court of New Orleans, commanding him to grant an appeal from an order or judgment discharging a debtor from imprisonment under a writ of *habeas corpus*, in the case of the Citizen's Bank and others *vs.* A. Maurin.

The Citizen's Bank and several others, presented their joint petition, alleging they were creditors of the firm of A. Maurin & Co., in the aggregate sum of eighty-eight thousand one hundred and sixty-five dollars, and had instituted suit therefor in the Parish Court, against Antoine Maurin, sole liquidating partner of said firm, and also charging said defendant with fraud, in having sold a great portion of his real property and slaves, to the prejudice and in fraud of his creditors; that upon these facts being alleged they obtained an order of arrest; the said A. Maurin was arrested and imprisoned under the provisions of the tenth and eleventh sections of the act abolishing imprisonment for debt, until he gave bond and security in the sum of ninety thousand dollars.

On the first of June, 1840, Maurin's counsel took a rule on the plaintiffs to show cause why the order of arrest should not be set aside, on the ground that the affidavit is insufficient to hold to bail. This rule, on hearing the parties, was made absolute, the order of arrest set aside, and a writ of *habeas corpus* issued, on which the defendant was brought up and discharged. The plaintiff then prayed for a suspensive appeal,

EASTERN DIST.
June, 1840.
───────
STATE OF
LOUISIANA
vs.
JUDGE OF THE
PARISH COURT.

from the orders or judgments setting aside the order of arrest and releasing the defendant.

The parish judge refused the appeal, being of opinion that imprisonment, under the new act abolishing imprisonment for debt, is a criminal proceeding; that the act is a *criminal law*, and, according to the showing of the plaintiffs, the acts complained of were committed by their debtor before the passage of the law; and that with regard to him, it is an *ex post facto* law, and cannot be constitutionally enforced.

The plaintiff now took a rule in this court on the parish judge, to show cause why a peremptory *mandamus* should not issue, commanding him to allow the appeal prayed for in this case.

*Grima,* for the application, presented the petition of plaintiff and urged the issuing of the *mandamus*; this being an appealable case.

*Preston* and *Canon,* resisted the application. They contended that the proceeding was a criminal one. That the debtor was required to stand his trial for the fraud charged, and if found guilty, to suffer the punishment prescribed in the law. That he should be condemned as a convict, for defrauding his creditors, to three years imprisonment. From criminal proceedings, no appeal lies.

*Judge Maurian,* showed for cause : That this case is not one in which an *appeal lies,* according to law; and refers to his judgments in the case for the grounds and reasons of the refusal of the appeal, as prayed for.

" The first ground upon which this rule is taken, is that the affidavit is insufficient to hold to bail.

On the first ground, the court is clearly of opinion, that the order of arrest complained of is widely different from an order of arrest, or order of bail, as it is generally termed in practice, as defined and explained in article 210 of the Code of Practice, the latter being allowed only in cases of intended departure by the debtor ; whereas, the former is a remedy

EASTERN DIST.
June, 1840.

STATE OF
LOUISIANA
vs.
JUDGE OF THE
PARISH COURT.

of an entirely new species. The law creating this new remedy has not even required an affidavit, and the court, in requiring one in the case at bar, has only been actuated by a desire of affording greater security for the person of the debtor.

The second and third grounds, which will be examined together, are that the order of arrest is illegal, and that defendant is not liable to be arrested on the showing of plaintiffs, and that their other proceedings are illegal and oppressive.

Upon the two grounds, the court has been favored by most able arguments on both sides, a thing which was highly desirable, inasmuch as the act of 1840, abolishing imprisonment for debt, under which the proceedings in this case arose, being of but recent date, and operating great changes in our legislation, the court could derive no aid from any preceding jurisprudence.

The plaintiff in the rule contends, that the order of arrest is illegal, because the provision of the law of 1840, under which the proceedings were had, are not applicable to acts done before the passage of the law ; and that, with regard to acts complained of in the plaintiff's petition, it is an *ex post facto* law, and, as such, unconstitutional.

That the acts complained of were done anterior to the passage of the law, is positive, and results from the very allegations in the petition ; indeed, it is admitted at all hands. But, can the law in question be said to be one *ex post facto* ?

The definition of an *ex post facto* law has not been the subject of discussion. It is well understood, and it is further admitted at all hands, that only such *ex post facto* laws are prohibited by the constitution as are of a criminal or penal nature.

Now, are the provisions of the law of 1840, under which the present proceedings have been instituted, of a criminal or penal nature ?

Every law that defines a crime or offence, and affixes a punishment to the commission of such an offence, is a criminal law.

EASTERN DIST.
*June*, 1840.

STATE OF
LOUISIANA
*vs.*
JUDGE OF THE
PARISH COURT.

In the act of 1840, now under consideration, the 10th section defines a new class of offences, under the denomination of fraud ; and the 13th section, enacts a punishment upon a conviction of any of the offences mentioned in the 10th section.

That a civil remedy is mingled with the punishment of the offence, does not deprive that law of its criminal character.

It has been contended in argument by the plaintiff's counsel, that the legal provisions, above referred to, partake no more of the nature of a criminal law than the legal provisions of the act of 1817 and 1808, relative to frauds committed by insolvent debtors ; but I think there exists between them a wide difference. Under the law of 1817, a debtor who makes a surrender of his property to his creditors, for the purpose of avoiding to go to jail, and who is found guilty of fraud, is deprived of a benefit which the law allows only to honest debtors. He is merely deprived of a benefit for which he had himself applied ; he is not, in fact, condemned to imprisonment, but he is merely left subject to the imprisonment to which he was subject before. Under the law of 1808, a debtor who is actually imprisoned for debt, and who asks to be liberated, if he be found guilty of fraud, is not condemned to be imprisoned, but the law does not take him out. Under both these laws, debtors guilty of fraud are merely deprived of a favor or a benefit for which they apply, and left in the situation in which they were before their application. But even then, their creditors can discharge them, either when they are paid of their debt, or if they choose to exonerate their debtor from the payment. Not so, however, under the tenth, eleventh and fifteenth sections of the act of 1840. Here the debtor applies for no favor or benefit, but his creditors arrest him, not because he owes a debt, but because he has committed fraud. He is tried, and if found guilty, the court is *bound* to condemn him to an imprisonment for a period not exceeding three years. Nor is it in the power of this creditor, except in one case specially provided for, to discharge him from imprisonment after sen-

tence. The imprisonment, therefore, is evidently the punishment which the public inflict, for the commission of the crime of offence of fraud. If this reasoning be correct, the law under consideration is a criminal or penal law. In order to be constitutional, it can only provide for what happens posterior to its passage ; every act which, anterior to its passage, was not susceptible of punishment, cannot be punished in consequence of its provisions, for with regard to all such acts, it would be *ex post facto*, and as such, unconstitutional. In the case before us the acts complained of, and which are of the nature of those repealed by the 10th section of the law of 1840, are by the very showing of the plaintiff's petition, anterior to the passage of the law. Then with regard to them, that law is *ex post facto*, and being *ex post facto* cannot be constitutionally enforced."

EASTERN DIST.
June, 1840.

STATE OF
LOUISIANA
vs.
JUDGE OF THE
PARISH COURT.

*Martin, J.,* delivered the opinion of the court.

The Citizens' Bank, and other creditors of the firm of A. Maurin & Co., presented a petition to the Parish Court, alleging that Antoine Maurin, as the liquidating member of said firm, in violation of an agreement made with the creditors, has sold lots of ground, slaves and stock, to Benjamin W. Lawes, of Donaldsonville, in this State, and keeps the money or proceeds of said sales concealed from the creditors ; and that he is in possession of a large amount of money, notes and effects of said firm, which he also controls and conceals, with a view to defraud his creditors ; that the sales made to Lawes, are simulated and fraudulent, and intended to cover his property from his creditors, the petitioners in this case.

They further allege that Antoine Maurin, although in failing circumstances, has not voluntarily surrendered his property to his creditors ; and that, according to the provisions of the 10th and 11th sections of the "Act to abolish imprisonment for debt, approved the 20th March, 1840," he is guilty of presumptive fraud, and liable to arrest, at the instance of these petitioners. They pray that he be arrested accordingly, and that Benjamin W. Lawes be cited ; and

EASTERN DIST.
June, 1840.

STATE OF
LOUISIANA
vs.
JUDGE OF THE
PARISH COURT.

that the sales to him of the slaves and other property, be annulled and declared void, as made in fraud of creditors.

Upon this petition, and affidavit made thereto, the defendant, A. Maurin, was arrested and imprisoned.

A rule was taken on the plaintiffs, to show cause why the order of arrest should not be set aside, and the defendant discharged. On hearing the parties, the rule was made absolute, and the order of arrest set aside. A writ of *habeas corpus* issued, and the defendant was brought up and discharged. From this judgment, the plaintiffs prayed an appeal.

The parish judge refused the appeal on two grounds: 1. That the proceedings, to set aside the order of arrest and liberate the defendant, was a criminal case, in which there was no appeal. 2. Admitting it to be a civil case, the judgment on the rule was merely interlocutory, working no irreparable injury, and from which no appeal lay. The plaintiffs have applied to this court for a *mandamus*, to compel the parish judge to grant an appeal.

On a rule to show cause why the *mandamus* should not issue, the judge has referred us, for the reasons on which he grounds his refusal to allow the appeal, to those which are contained in his former opinion.

The defendant, A. Maurin, was arrested under a charge of having made a conveyance or transfer of his property, with a view to prejudice and defraud the petitioning creditors; was ordered to give bond according to the provisions of the tenth and eleventh sections of the act abolishing imprisonment for debt; and, on his failure or refusal, was committed. His imprisonment was, therefore, in a civil suit, at the instance of several of his creditors. Their object was to avert an injury which they apprehended from his alleged fraudulent conveyance. It is true, if the fraud was found by a jury, he might be condemned to imprisonment for three years; unless, having been found guilty only of conferring an unjust preference to other creditors, he satisfies and repairs the injury of the complaining creditor. Further, if the jury find him guilty of absolute fraud, he is to be condemned to

unconditional imprisonment for three years. It has been contended that the latter circumstance gives to the present suit the character of a criminal one, in which there is no appeal. We are of opinion the parish judge erred, in considering the case in that light. It is essentially a civil suit, instituted by creditors against their debtor, for the purpose of preventing the abstraction of his property. The imprisonment of his person until after the trial, will have the effect to induce him to do justice to his creditors, in order to prevent his final imprisonment for three years. His discharge must deprive them of this advantage.

2. As to the second ground assumed by the parish judge, that if this was a civil case no appeal would lie, because the judgment is merely interlocutory, and works no irreparable injury; we think that the injury which the creditors apprehend is irreparable by a judgment which they may obtain in the Parish Court. This authorized them to appeal; and was so held in the cases of *Prampin* vs. *Andry*, 4 *Martin*, 315; *State* vs. *Judge Lewis*, 2 *cases*, 9 *idem.*, 301, 302.

Let a *mandamus* issue, commanding the parish judge to grant an appeal from the judgment setting aside the order of arrest; and from judgment discharging the defendant, Maurin, on the writ of *habeas corpus*.

EASTERN DIST.
*June*, 1840.

