Mokphy, J.
delivered the opinion of the court.
This action is brought on a promissory note for $1000, drawn by Murray & Oassidy, to the order of and indorsed by Belot. Separate answers have been filed by the defendants, but to the same effect; they state in substance that the plaintiff is not the Iona fide holder of the note sued on, but that it belongs to John Oassidy; that this note had been given to Belot in payment of a debt of the drawers to him and secured by mortgage on a negro named Richard; that some time after, Murray & Oassidy dissolved then- partnership, [359] and Oassidy assumed the payment of all the debts due by the concern; that after frequent applications from Oassidy to discount this note, Belot being in want of money consented to receive $750 in full payment of it, and returned it to Oassidy ; that the said Oassidy has since made a surrender to his creditors, and has placed Belot as a creditor upon his schedule for the amount of this note, and that it is only since these proceedings that the plaintiff has declared himself the owner of the note. They further deny that *585 plaintiff ever gave any valuable consideration for said note, but on the contrary aver that he has colluded with the insolvent in order to deprive defendants of its amount for the benefit of the latter. There was a judgment below for the defendants, and plaintiff appealed.
Pierre Riviere, a witness for defendants, testified that he has had the note sued on in his possession ; that it was made in consideration of the sale of a coffee-house from Belot to Cassidy & Murray; that about five months before the maturity of this note, Cassidy, one of the drawers, bought it for $750, and. that Belot not being a man of business did not take the ordinary precaution of erasing his name on the back of the note before he returned it to Cassidy. The ciroumstance disclosed by this witness proves clearly the extinguishment of the debt. After thus regaining possession of his note it was a gross fraud on the part of Cassidy to put it again in circulation with Belot’s name on it as indorser. When he filed his schedule he well knew that Belot was no longer the holder of the note, and his putting down his name as a creditor for its amount creates a strong presumption that he had not yet passed the note to any one. But if owing to Belot’s neglect to erase his indorsement Cassidy has been enabled to negotiate this note; and if the plaintiff had taken it in good faith before its maturity, and without any knowledge of the circumstances under which it was replaced in circulation, it is by no means clear that he would be without any right to recover. In this case, however, the record furnishes no evidence of any attempt on the part of the plaintiff to establish from whom he holds this note or what consideration he gave for it. [360] Under pleadings which charged him with fraud and collusion,, and evidence showing the extinguishment of this note, he was bound to prove that he had given for it a valuable consideration before maturity and without any knowledge of what had passed in relation to it. We are of opinion that the plaintiff cannot recover; but that the judgment below should have been only one of nonsuit.
The testimony of Riviere has been objected to on the score of interest. The bill of exceptions does not state the nature of his interest; we understand it however to be that interest which he, in common with the other creditors of Cassidy, is supposed to have in increasing the fund to be distributed among them. The interest which legally excludes a witness must be the prospect of gaining an advantage or profit by the judgment in the cause in which he may be called upon to testify, and which would be an immediate consequence of such judgment. The decision in this case, if in favor of defendants, would leave yet to be tried the issue between the plaintiff and the creditors of Cassidy, as to the right of the former to the proceeds of the slave mortgaged to pay this note; the result of that controversy will depend on the evidence adduced in it, and will not be governed by the judgment in this case. The interest of this witness is only in the question, not in the event of the suit; it may affect his credibility but not his competency. 4 La. Rep. 201; 10 Id. 24; 3 Mart. JST. S. 12.
It is therefore ordered, that the judgment of the district couz't be reversed; and that ours be for the defendants as in case of nonsuit; the appellees to pay the costs of this appeal.