Eastern Dis.<br>
<i>May,</i> 1841.<br>
<br>
MOFFATT<br>
<i>vs.</i><br>
MURRAY.

---

## MOFFATT vs. MURRAY ET AL.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the pleadings charge the plaintiff with fraud and collusion as the holder of a note, and the evidence shows its extinguishment by payment, he is bound to prove he gave a valuable consideration for it before maturity, without any knowledge of what had passed, or he cannot recover.

The interest which disqualifies a witness, must be the prospect of gaining an advantage, or to profit by the judgment in the cause, in which he is called to testify.

This is an action by the holder against one of the makers and endorser of a promissory note signed by Murray & Cassidy, payable to the order of and endorsed by Eusebe Belot.

Belot admitted his endorsement, but denied his liability, or that the plaintiff was the *bona fide* holder of said note. He averred it was given to him in payment and secured by mortgage on a slave; and that James Cassidy is the true holder and owner thereof. That before the note was at maturity, Murray and Cassidy dissolved partnership, and Cassidy assumed payment of the debt; that being in want of money, long before maturity, he sold the note to Cassidy for $750, and delivered it up to him; that Cassidy has since sued his creditors and

placed respondent on his schedule for the amount of the note with mortgage on the slave, &c. He expressly charges that the plaintiff is not the owner, but has colluded with Cassidy to defraud this respondent out of the amount of said note, and prays judgment in his behalf.

Murray expressly averred that the note sued on was extinguished by payment and delivered up to Cassidy, the maker thereof, and who was bound to take it up.

Upon these pleadings and issues the cause was tried.

Riviere, a witness for the defendants, declared that he has had the note sued on, in his possession; it was made in consideration · of the sale of a Coffee-House from Belot to Cassidy and Murray, for $1000, and which Cassidy bought from Belot for $750, for which witness blamed him very much. Belot not being a man of business, he did not take the precaution to erase his name, on the back, when he sold it to Cassidy. The note was sold to Cassidy 5 months before it was due.

Riviere's testimony was objected to by plaintiff, on the score of interest; he being placed on Cassidy's schedule as a creditor.

There was judgment in favor of the defendants, and the plaintiff appealed.

*Greiner*, for the plaintiff.

*Preston & Grivot*, for the defendants.

*Morphy, J.* delivered the opinion of the court.

This action is brought on a promisssory note of $1000, drawn by Murray & Cassidy, to the order of and endorsed by Belot. Separate answers have been filed by the defendants, but to the same effect; they state in substance that the plaintiff is not the bonâ fide holder of the note sued on, but that it belongs to John Cassidy; that this note had been given to Belot in payment of a debt of the drawers to him and secured by mortgage on a negro named Richard; that sometime after, Murray & Cassidy dissolved their partnership, and Cassidy

assumed the payment of all the debts due by the concern; that <span>Eastern Dis</span> after frequent applications from Cassidy to discount this note, <span>May, 1841.</span> Belot being in want of money consented to receive $750 in full <span>MOFFATT</span> payment of it and returned it to Cassidy; that the said Cassidy <span>vs. MURRAY.</span> has since made a surrender to his creditors, and has placed Belot as a creditor upon his schedule for the amount of this note, and that it is only since these proceedings that the plaintiff has declared himself the owner of the note; they further deny that plaintiff ever gave any valuable consideration for said note, but on the contrary aver that he has colluded with the insolvent in order to deprive defendants of its amount for the benefit of the latter. There was a judgment below for the defendants, and plaintiff appealed.

Pierre Riviere, a witness for defendants, testified that he has had the note sued on in his possession; that it was made in consideration of the sale of a coffee-house from Belot to Cassidy & Murray; that about five months before the maturity of this note, Cassidy, one of the drawers bought it for $750, and that Belot not being a man of business did not take the ordinary precaution of erasing his name on the back of the note before he returned it to Cassidy. The circumstance disclosed by this witness proves clearly the extinguishment of the debt. After thus regaining possession of his note it was a gross fraud on the part of Cassidy to put it again in circulation with Belot's name on it as endorser. When he filed his schedule he well knew that Belot was no longer the holder of the note, and his putting down his name as a creditor for its amount creates a strong presumption that he had not yet passed the note to any one. But if owing to Belot's neglect to erase his endorsement Cassidy has been enabled to negotiate this note; and if the plaintiff had taken it in good faith before its maturity, and without any knowledge of the circumstances under which it was replaced in circulation, it is by no means clear that he would be without any right to recover. In this case, however, the record furnishes no evidence of any attempt on the part of the plaintiff to establish from whom he holds this note or what

<span>Where the pleadings charge the plaintiff with fraud and collusion as the holder of a note, and the evidence shows its extinguishment by payment, he is bound to prove he gave a valuable consideration for it before maturity, without any knowledge of what had passed, or he cannot recover.</span>

EASTERN DIS.
*May*, 1841.

MOFFATT
*vs.*
MURRAY.

consideration he gave for it.  Under pleadings which charged him with fraud and collusion, and evidence showing the extinguishment of this note, he was bound to prove that he had given for it a valuable consideration before maturity and without any knowledge of what had passed in relation to it.  We are of opinion that the plaintiff cannot recover; but that the judgment below should have been only one of non-suit.

The interest which disqualifies a witness, must be the prospect of gaining an advantage, or to profit by the judgment in the cause, in which he is called to testify.

The testimony of Riviere has been objected to on the score of interest.  The bill of exceptions does not state the nature of his interest; we understand it however to be that interest which he, in common with the other creditors of Cassidy, is supposed to have in increasing the fund to be distributed among them.  The interest which legally excludes a witness must be the prospect of gaining an advantage or profit by the judgment in the cause in which he may be called upon to testify, and which would be an immediate consequence of such judgment. The decision in this case, if in favor of defendants, would leave yet to be tried the issue between the plaintiff and the creditors of Cassidy, as to the right of the former to the proceeds of the slave mortgaged to pay this note ; the result of that controversy will depend on the evidence adduced in it, and will not be governed by the judgment in this case.  The interest of this witness is only in the question, not in the event of the suit ; it may affect his credibility but not his compency ; 4 La. Rep., 201; 10 Idem, 24 ; 3 Martin, N. S., 12.

It is therefore ordered that the judgment of the District Court be reversed ; and that ours be for the defendants as in case of non-suit; the appellees to pay the costs of this appeal.