Simon, J.
The defendants are appellants from a judgment which condemns them to pay, in solido, to the plaintiff, the sum of $1655 17, being the balance due on an account in which the defendants are charged, at the date of 2d of January, 1842, with the sum of $3937 50, for charter money due him as owner of the schooner Bella del Mar, from the 15th of May, 1841, to that date, being seven months and a half, at $525 per month.
The answer admits, that the defendants chartered the schooner as stated in the petition, but contends, that the most important clauses contained in the contract were violated by the plaintiff, to the injury, loss, and damage of the defendants. It is further alleged in the answer, that a certain quantity of salt was delivered on board of the schooner at the port of New Orleans, which the captain undertook to deliver at Vera Cruz; but that only a a part of it was delivered to the consignees, thereby creating a deficit and actual loss of $2030, which the defendants claim to be compensated for. It is also stated, that in violation of the second article of the charter party, the captain and owners of the schooner received on board of her, freight not belonging to the charterers, thus creating a concurrence of trade highly injurious *328 to the defendants, who are thereby entitled to claim the sum of $2000, the penalty imposed upon the plaintiff by the charter party. The defendants, therefore, ask for judgment in reconvention against the plaintiff, for the sum of $2361 50, the balance due on their account, after crediting the plaintiff with the whole amount of .his demand. The record contains a bill of exceptions to the opinion of the Judge, a quo, permitting the testimony of the captain and crew of the schooner to be produced in evidence. The objection was, that the steward and the other persons whose testimony is adduced in proof, having co-operated with the plaintiff to take away during the night the salt belonging to the defendants, ought to be considered as interested parties. The inferior Judge did not err. There is no proof in the record of the facts imputed to the witnesses, and it is not even alleged in the answer ; but even supposing such allegations to have been set up, the charges would not render the witnesses incompetent. It is well known, that a co-trespasser is a competent witness in behalf of his confederate, being, in no event, interested in the decision of the suit; that a witness is not incompetent because he is, or has been in the service of the party who calls him ; and that, although all persons employed in the navigation of vessels, are directservants of the owners in different grades of authority, this does not render them incompetent to testify on behalf of their employers. 4 Mart. 29. 1 Ib. N. S. 243. 4 Ib. N. S. 340, 589. 2 Ib. N. S. 455. 4 La. 201.
On the merits, several witnesses have been examined to sustain the defence, but the purport of their testimony doe? not in any manner affect the plaintiff’s right to recover. It is true, the whole quantity uf salt taken on board was not delivered, but this is satisfactorily accounted for as being the result of uncontrolable circumstances and the dangers of the sea, such as the inclemency of the weather and the roughness of the sea, which caused the vessel to leak so badly that the pumps were in constant activity until the vessel reached its destination. The vessel was subsequently taken to a sea-port on the Gulf of Mexico to be repaired ; and from the facts disclosed as to the quality of the salt when received on board, and the leaking of the vessel in consequence of a gale experienced during the voyage, it is not aston *329 ishing that the salt, which had been taken light and dry on board, should, have fallen short by the quantity established by the evidence. There is no proof that any of the salt was taken out of the vessel during the voyage, except that three or four buckets full were furnished by the captain of his own salt, which was in the forecastle, for the purpose of salting provisions. This salt did not belong to the cargo. It was a part of about twenty-five sacks which the captain had purchased, and put on board, in the forecastle and in the house on deck. These last circumstances, which are the only facts adduced in support of the defence, are so unimportant, that it is hardly necessary to notice them.
On the whole, we think the judgment appealed from is correct • but we are not prepared to say, that this is a case in which damages should be allowed for a frivolous appeal.

Judgment affirmed.