## Martin et al. v. Chrystal.

It is not necessary, to subject a party to the penalties imposed by the tenth section of the stat. of 28 March, 1840, abolishing imprisonment for debt, on one purchasing merchandize for cash and disposing of the same, or removing it beyond the reach of his vendor, without

having paid the price, that he should have been the principal in the transaction, where it is shown that the purchase of the articles was a fraud contrived between another person and himself, probably for their mutual benefit. The law will hold both to have been purchasers.

Art. 107 of the constitution relates exclusively to criminal proceedings.

Judicial proceedings, having for their object the incarceration of the debtor to compel the payment of his debts, or instituted against a debtor guilty of fraud, have always been held by our courts to be civil, and not criminal proceedings. Proceedings against an insolvent debtor for fraud, under the stat. of 28 March, 1840, are civil proceedings.

MARTIN
v.
CHRYSTAL.

APPEAL form the Third District Court of New Orleans, *Kennedy*, J. *T. R. Wolfe*, for the plaintiffs. *Race, Foster* and *Soulé*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. The defendant is appellant from a judgment of the Third District Court of New Orleans, by which he was adjudged to pay the plaintiffs the sum of $965 94, with interest from judicial demand, and to be imprisoned for the period of two years from the day of the rendition of the judgment,

The proceedings against the appellant where instituted under the act of the 28th of March, 1840, entitled *An act to abolish imprisonment for debt*. The trial by jury was waived, and the court held the defendant guilty of fraud under the tenth section of said act, in having purchased merchandize in New Orleans for cash, and having obtained possession thereof and having disposed of the same, and removed it beyond the reach of his vendors, without having paid the price or any part thereof.

It is contended that *Chrystal* was not considered by the plaintiffs as the principal in the transaction. We do not think that this was necessary, in order to sustain the judgment under the act. It appears manifest that the purchase of the plaintiffs' articles by *Van Allen*, was a fraud concocted between him and the defendant, probably for mutual benefit, and that in the eye of the law both are held to be purchasers. The evidence on this point, we consider, fully supports the judgment.

It is urged in behalf of the defendants that, the proceeding in this case is a prosecution for the violation of a statute, which carries with it a grievous penalty—that of imprisonment for a term not exceeding three years; that the prosecution is essentially a criminal one, and, not being instituted by and in the name of the State, but conducted on the petition of the plaintiffs solely, it cannot be sustained under art. 107 of the constitution. That art. provides that, "prosecutions shall be by indictment or information," "Les poursuites criminelles se feront par acte d'accusation ou sur information." This provision was not in the old constitution. But from section 18 of art. 6 of the constitution of 1812, and from the other provisions of art. 107, evidently refers exclusively to criminal proceedings.

Judicial proceedings having for their object the incarceration of the debtor for the payment of his debts, have always been held by our courts to be civil and not criminal proceedings. Notwithstanding the caution with which the rights of the roman citizen were protected by the laws, after a certain delay in the payment of a debt the debtor was delivered into the power of the debtor by virtue of a sanguinary law of the twelve tables; and although civilization and humanity in time modified it, its vestiges still exist under our modern social systems. In Louisiana the writ of *capias ad satisfaciendum*, in ordinary cases of debt, was only abolished by this act of 1840. The object and policy of that writ was not the punishment of the debtor, but to force him to discharge his debt by depriving him of his

MARTIN
*v.*
CHRYSTAL.

liberty. Under this view of the subject, the Supreme Court held the proceedings under this act to be civil and not criminal, in *Maurin's* case, 15 La. 536. That case was one that attracted great attention at the time, and was fully and thoroughly considered. Under the insolvent acts of 1808 and 1817, the proceedings against debtors guilty of fraud, under which the gravest penalties were incurred, have always been held to be civil proceedings; and the Supreme Court has not only uniformly taken cognizance of them, but has more than once reversed verdicts of juries by which the defendants had been acquitted—a power which no court would attempt to assume in any other than a civil proceeding. *Andrews v. His Creditors,* 11 La.467. *Castel* v. *Creditors,* 4 La. 574. *Coquet* v. *Creditors,* 4 La. 198. *Prados* v. *Creditors,* 1 La. 175.

Considering the character of these proceedings under our jurisprudence, as settled by decisions in the court of the last resort, we think the provisions of the 107th art. of the constitution not applicable to them, it relating only to criminal prosecutions.                              *Judgment affirmed.*